UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Case Number: JKB 16-CR-0259 |
| JUAN DOMINGUEZ LOPEZ, | : | |
| Defendant. | : | |

**MOTION TO SUPPRESS CELL PHONE DATA**

COMES NOW THE DEFENDANT, JUAN DOMINGUEZ LOPEZ pursuant to *Fed.R.Crim.P* 12. He files this application for an order through his court appointed attorney, William Purpura and Anthony D. Martin, and moves to suppress any evidence taken from his cell phone at the time of his arrest as being "Fruits of a Poisoned Tree"

*Procedural Posture*

Mr. DOMINGUEZ was indicted on August 17th, 2016. . He was arrested and presented before Magistrate Judge Stephanie A Gallagher on August 24th, 2016. He was arraigned on August 29th, 2016. A detention hearing was held the same day, before Magistrate Judge Beth P. Gesner. Mr. DOMINGUEZ has been detained from the date of his arrest to the present at the Chesapeake Detention Facility (hereinafter CDF) in Baltimore, Maryland.. A scheduling order was issued on August 23rd, 2017, directing that pre-trial motions be filed on or before November 10th, 2017.

*Background Information*

Mr. DOMINGUEZ is charged with two others in a two count indictment; alleging Conspiracy to Participate in a Crime of Violence in Aid of Racketeering, in violation of 18 USC 1959(a)6 and Committing a Violent Crime in Aid of Racketeering, in violation of 18 USC 1959(a)2; *inter alia*. He was arrested on August 24th, 2016 under a Federal Warrant. His arrest followed his photo being shown to two victims of an assault. The photo array and attendant circumstance was highly suggestive and unreliable. At the time of his arrest, his cell phone was seized and later mined for data. It is Mr. Dominguez position that the seizure of information was tainted by the information leading to his arrest.

*Argument*

**The Photo Arrays Shown to the Victims, of the August 28th, 2015 Assault, Were Inherently Suggestive and Lacking in Reliabili**ty.

The female victim to the assault made an identification of Mr. Dominguez as the person who attacked William Chacon only after a second presentation of photos was shown to her at a later date. With respect to Mr. Chacon, the discovery suggests that he was highly medicated when he made his identification and the photo(s) was presented not by law enforcement, but by his father. Given these two scenarios, the issue of suggestively and reliability of the identifications needs to be determined before the government is allowed to present the information to the jury. *See, United States v. Sanders*, 708 F.3d 976 (7th Cir. 2013); *Manson v. Brathwaite*, 97 S. Ct.2243, (1977)..

It has been held that the Constitution protects against "conviction based on evidence of questionable reliability." *Perry v. New Hampshire*, 132 S.Ct. 716, 723 (2012). Unduly suggestive identification procedures represent one example of those fundamentally unfair situations. A procedure becomes so flawed as to implicate due process when it creates a "very substantial likelihood of irreparable misidentification." *Neil v. Biggers*, 93 S.Ct. 375, (1972) (

quoting *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968)). In such cases, the identification must be suppressed. *Perry*, 132 S.Ct. at 724–25. To decide whether a situation has risen to that level, the courts follow a two-pronged approach. First, they consider whether the identification procedure used by law enforcement was "both suggestive and unnecessary." *United States v. Gallo–Moreno*, 584 F.3d 751, 757 (7th Cir.2009). Second, tehy examine the "totality of the circumstances" to determine whether other indicia of reliability "outweigh[ ] ... the corrupting effect of law enforcement suggestion." *Perry*, 132 S.Ct. at 725 (internal quotation marks omitted); accord *Gallo–Moreno*, 584 F.3d at 757.

**Any Information that Was Derived as a Result of the Impermissible Identification Should Be Deemed Inadmissible.**

The exclusionary rule applies not only to that evident unlawfully seized, but any derivative evidence that would otherwise have not been discovered. *Nardone v. United States*, 60 S.Ct. 266, (1939)(establishing the poisoned tree analogy); *Wong Sun v. United States*, 83 S.Ct 407 (1963); *Baker v. State*, 39 Md.App 133, 383 A.2d 698 (1978).  Hence for all the reasons argued above, the Derivative Evidence found in Mr. Dominguez cell phone should be ruled inadmissible as constituting Fruit of Poisonous Tree.

*Prayer*

JUAN DOMINGUEZ LOPEZ requests that the Court rule that the government be precluded from introducing evidence of the alleged positive identification or make reference to derivative evidence seized from his phone during their opening statement or through the testimony of any of its witnesses.

        Respectfully submitted,
        ANTHONY D. MARTIN
        WILLIAM PURPURA


By:   <u>/s/ Anthony D. Martin</u>
       ANTHONY D. MARTIN, 5224
       Greenway Center Office Park
       7474 Greenway Center Drive, Ste 150
       Greenbelt, MD 20770
       (301) 220-3700; (410) 972-4701 (fax)

       *Counsel for JUAN DOMINGUEZ LOPEZ*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the *Motion to Suppress* was sent electronically through the ECF system to the following person(s):

> **Kenneth S. Clark, AUSA**
> US Attorney's Office
> District of Maryland
> 36 South Charles Street, Suite 400
> Baltimore, MD 21201

On this Friday, November 10, 2017

                By:    /s/ Anthony D. Martin
                         ANTHONY D. MARTIN, 5224